IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| WILMA JEANNE MORRIS, ) | Case No. 18-13787-JDL |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |

**DEBTOR'S OBJECTION TO CREDITOR'S APPLICATION TO TREAT
MARCH 12, 2019 AS PRELIMINARY HEARING AND BRIEF IN SUPPORT**

NOW COMES, Wilma Morris, debtor in the above-captioned case ("Debtor"), by her undersigned attorney of record, Jason A. Sansone, and states as follows:

1. On February 1, 2019, Debtor filed a Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(e) (the "Motion"). [Doc. No. 13]. The Motion was contemporaneously served on Quicken Loans Inc. ("Claimant") via the CM/ECF system.

2. The Motion is set for hearing on March 12, 2019 (the "Hearing"). Claimant had 39 days' notice of the hearing.

3. On February 12, 2019, Claimant filed a Response to the Motion (the "Response"). [Doc. No. 20].

4. On February 22, 2019, Debtor filed a Reply to the Response (the "Reply"). [Doc. No. 22].

5. On February 21, 2019, Claimant filed a deficient Notice of Witnesses and Exhibits for the Hearing. [Doc. No. 23].

6. On February 22, 2019, Debtor filed a motion *in limine* (the "Motion in Limine") due to the deficiencies of Claimant's Notice of Witnesses and Exhibits [Doc. No. 24].

7. On February 25, 2019, Claimant untimely filed an Amended Notice of Witnesses and Exhibits for the Hearing. [Doc. No. 26]. The Amended Notice of Witnesses and Exhibits

states "QUICKEN informs the Court and counsel that this amendment is filed due to the fact that QUICKEN had to confirm that the expert witness(es) named herein would be willing and able to testify herein." However, Claimant first received notice of the Motion and Hearing over three weeks prior.

8. On February 27, 2019, a full 26 days after being served with the Motion, Claimant filed an Application to Treat March 12, 2019 Hearing as Preliminary Hearing (the "Application") [Doc. No. 27]. The Application seeks to treat the Hearing as a preliminary hearing pursuant to Local Rule 9014-1, incorrectly cited as Local Rule 9014.

9. For the reasons laid out herein, Debtor objects to the Application and prays that the relief requested by Claimant be denied.

## I. THE APPLICATION FAILS TO COMPLY WITH RULE 9013

10. Rule 9013 of the Fed. R. Bankr. P. provides that "[a] request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought." The notes of the 1983 Advisory Committee on Rules state that "[e]xcept when an application is specifically authorized by these rules, for example an application under Rule 2014 for approval of the employment of a professional, all requests for court action must be made by motion."

11. The relief requested in the Application is not specifically authorized to be made by application in the Fed. R. Bankr. P. and therefore must be made by standard motion practice pursuant to Rule 9013. Further, the Application does not contain the notice language required pursuant to Local Rule 9013-1(G). *In re Oliver*, No. 16-10808-JDL (Bankr. W.D. Okla., 2016) ("Documents filed with the Court which do not comply with the Local Rules… may be stricken without notice and without time to correct the deficiency(ies) at the Court's discretion."); *Young*

*v. Rogers (In re Young)*, No. 18-1070-JDL (Bankr. W.D. Okla., 2018).

12.  This is not Claimant's first instance of noncompliance with Local Rules.  *See generally* Motion in Limine; *See also In re Snow*, Doc. No. 18 (Claimant's noncompliance with Local Rule 3007-1(B)).

13.  Accordingly, the Application should be denied for failure to comply with Fed. R. Bankr. P. and Local Rules.

## II. THE APPLICATION SEEKS UNNECESSARY DELAY

14.  Claimant had five and a half weeks' notice of the Hearing from the initial filing of the Motion.  All facts and evidence relevant herein have at all times been in Claimant's and Claimant's counsels' possession.  As opposed to Claimant, Debtor complied with Local Rule 9014-1 by timely disclosing all witnesses and has not sought to delay this proceeding.

15.  However, Claimant's motivation for delay is clear.  As laid out more fully in the Reply, the Response is devoid of any authority, does not address the Motion, and provided no evidence in support of Claimant's attorney's fees.  Namely, Claimant has yet to produce evidence at the very heart of this litigation - time records.  Reply at ¶ 8.

16.  Claimant has had full control to identify appropriate witnesses and exhibits for the Hearing from the onset of this matter, but evidently did not do so.  It was only after Debtor was forced to file the Motion in Limine that Claimant untimely revealed witnesses.  Now Claimant seeks to delay this proceeding to accommodate those witnesses.  Claimant waited almost one month after the filing of the Motion to seek such relief, with less than two weeks until the Hearing.  Such a trap is of Claimant's own making and Debtor prays this Court not aid Claimant in escaping its errors.  *See generally In re Karbel*, 220 B.R. 108 (B.A.P. 10th Cir., 1998) (*citing In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489 1498, 123 L.Ed.2d 74 (1993)) ("relevant circumstances include… the reason for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").

## SUMMARY

17. The Application does comply with the Fed. R. Bankr. P. and Local Rules. Further, it seeks to create unnecessary and unwarranted delay. Instead of facing the negative consequences for serial noncompliance with Rules and Local Rules, Claimant wants to be rewarded.

WHEREFORE, it is respectfully requested that Claimant's Application be denied and for such additional or alternative relief as may be just and proper.

                        Respectfully Submitted,
                        **SANSONE HOWELL PLLC**

                        /s/ Jason A. Sansone
                        Jason A. Sansone, OBA No. 30913
                        Sansone Howell PLLC
                        4600 SE 29th St., Suite 500
                        Del City, Oklahoma 73115
                        Telephone: (405) 455-1032
                        Facsimile: (866) 679-1329
                        Email: JSansone@SansoneHowell.com
                        **COUNSEL FOR DEBTOR**

Dated: February 28, 2019

## CERTIFICATE OF MAILING / ELECTRONIC SERVICE

    I, Jason A. Sansone, hereby certify that on February 28, 2019, a true and correct copy of the above was electronically served using the CM/ECF system to John Hardeman, Chapter 13 Trustee, the Office of the United States Trustee, and:

Quicken Loans, Inc.
c/o Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73112

                                              /s/ Jason A. Sansone
                                              Jason A. Sansone, OBA 30913